**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CINDY SILVA,**

Plaintiff

v.

CA 06 206
C.A. NO. ___________

**THE HOME DEPOT and**
**HOME DEPOT U.S.A., INC.**

Defendant

**COMPLAINT**

**INTRODUCTORY STATEMENT**

This action is commenced by Cindy Silva (hereinafter also referred to as "Plaintiff" or "Silva") against THE HOME DEPOT and HOME DEPOT U.S.A., INC. (hereinafter also referred to as "Defendant(s)" or "Company" or "Home Depot"), in order to remedy and seek relief for the Defendants' unlawful and discriminatory employment practices based on the Plaintiff's disability status, in retaliation for the Plaintiff seeking reasonable accommodation, and also in retaliation for her filing a Workers' Compensation claim, in violation of Title I of The Americans with Disabilities Act of 1990, 42 U.S.C. Sections 12001 *et seq*., and the Rhode Island Fair Employment Practices Act, R.I.G.L. 28-5-1 *et seq*., in addition to other claims.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to pertinent provisions of, *inter alia*, Sec, 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. Sec 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 , 42 USC Sections 2000e-5(f)(1) and (3).

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case of controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in this district pursuant to inter alia, 28 U.S.C. 1391 (b), because:

a. The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendants' place of business in Rhode Island;

c. the Plaintiff would currently be enjoying all rights, benefits, and privileges of her employment, as a full-time employee of Defendants, at their Rhode Island facility, but for the Defendant's unlawful practices.

4. On September 26, 2005, Plaintiff filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Commission ("EEOC"), alleging that she had been discriminated against on the basis of her disability status and/or the Defendant's perception that she was disabled because of a work-related injury—RICHR # 06-EMD 078-02/34; EEOC #: 16JA500271 (EXHIBIT A).

5. The Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the filing of this action, in each of its counts, in state and/or federal court, including receiving Right to Sue authorization, as necessary, from pertinent state and federal agencies (EXHIBIT B).

**THE PARTIES**

6. The Plaintiff, Cynthia Silva ("Silva" or "Plaintiff"), an individual, is a resident of Cranston, Rhode Island.

7. On information and belief, the Defendants, THE HOME DEPOT and HOME DEPOT U.S.A., INC., are foreign corporations, registered and authorized by appropriate state authority to conduct business in the State of Rhode Island. The Defendants own, operate, and maintain various facilities and stores in the State of Rhode Island, selling building materials and home improvement products, including a store, "The Home Depot," located at 371 Putnam Pike, Smithfield, Rhode Island, at which the Plaintiff had

been employed. The Defendants were/are sufficiently joined and intertwined in terms of ownership and corporate direction, financial matters, workplace policies and procedures, and other indicia of common ownership and control to be determined one single employer or, in the alternative, joint employers for the purposes of all claims at issue in this action, and to be held jointly and severally liable.

8. At all times material to the allegations of this Complaint, the Defendants have continuously, and do now, employ at least 50 or more employees in the State of Rhode Island.

9. At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of the Americans with Disabilities Act, Sec. 101(5) of the ADA, 42 U.S.C. Sec. 12111(5), and Sec. 107(a) of the ADA, 42 U.S.C. Sec. 12117(a) which incorporates by reference Sections 701(g) and (h) of Title VII; and those terms are applicable to pertinent provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Sec. 2000e et seq.

10. At all times material to the allegations of this Complaint, the Defendants were and are an "employer" or otherwise a covered entity within the meaning of the ADA, as defined in Sec. 101(2) of the ADA, 42 U.S.C. Sec 1211(2); and as applicable in pertinent provisions of Title VII, and also under the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990) and R.I.G.L. § 28-5-1- et seq. (The

Rhode Island Fair Employment Practices Act).

11. At all times material to the allegations of this Complaint, Plaintiff held the status of an "individual" within the pertinent provisions defining that term and qualifies as a person with a disability under 3(2) of the ADA, 42 U.S.C. 12112(a) and also pursuant to Rhode Island law, because she:

a. has a physical or emotional impairment that substantially limits one or more of her major life activities;

b. has a record of such an impairment; and/or

c. is/was regarded by the Defendant as having such an impairment.

**FACTS APPLICABLE TO EACH COUNT**

12. Plaintiff worked for the Defendant consecutively, and on a full-time basis, for approximately three months, commencing on or about June 22, 2005.

13. Plaintiff was employed by the Defendant at its store located in Smithfield, Rhode Island, in the position of Associate.

14. On or about September 12, 2005, Plaintiff was summarily terminated allegedly for "falsifying a company document."

15. Prior to her termination, Plaintiff had always performed her duties in a satisfactory manner, meeting the Employer's legitimate expectations.

16. At all times, except when on approved Workers' Compensation leave, Plaintiff was able to perform the essential functions of her position, with or without reasonable accommodation.

17. Plaintiff suffers from certain medical impairments, including but not limited to a medically diagnosed learning disability characterized by dyslexia and Attention Deficit Hyperactivity Disorder (ADHD).

18. Plaintiff's medical impairments substantially impacted on certain of her major life activities including but not limited to, her ability to read and perform various cognitive tasks.

19. The Defendants were aware of Plaintiff's impairments at the time of her termination.

20. On or about June 18, 2005, Plaintiff suffered a work-related injury entailing a tear in the tendon sheath of her right hand and wrist, resulting in Workers' Compensation leave.

21. This Workers' Compensation leave commenced on or about August 31, 2005.

22. During Plaintiff's Workers' Compensation leave, the Defendants repeatedly called Plaintiff, insisting that she return to work.

23. On the morning of September 12, 2005, Plaintiff returned to work on light duty.

26. On the afternoon of September 12, 2005, Plaintiff was terminated at work by her store manager for, allegedly "falsifying a company document," her employment application.

27. At her termination meeting, Plaintiff's store manager requested that she sign a document that stated Plaintiff agreed to the terms of her dismissal, which Plaintiff refused to do.

28. The Defendants' proffered reason to terminate the Plaintiff was a mere pretext to conceal its discriminatory motive, based on Plaintiff's dyslexia and ADHD, and its perception that Plaintiff was disabled because of her work related injury, and to retaliate against Plaintiff for seeking reasonable accommodation and for filing a Workers' Compensation claim.

29. But for the Defendant's intention to discriminate against Plaintiff on the basis of her disability, their perception that she was disabled, and in retaliation for filing a good-faith claim for Workers' Compensation, the Plaintiff would not have been subjected to discriminatory terms and conditions of employment, or been terminated.

30. The Defendants have intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on disability.

31. The Defendants' conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of her disability and her attempt to assert her legal rights.

32. The wrongful actions by Defendants and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

**COUNT I**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**REFUSAL TO REASONABLY ACCOMMODATE**
**UNLAWFUL TERMINATION**
**Under**
**RHODE ISLAND CIVIL RIGHTS ACT**
**R.I.G.L. SECTION 42-112-1**

33. The allegations contained in Paragraphs 1-32 above are incorporated herein by reference in their entirety.

34. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability status;

b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating her in a hostile, demeaning, and otherwise unlawful manner based on her disability status;

d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as harm to her personal and professional reputation.

35. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's disability. Such practices include, but are not limited to, Defendants':

a.) subjecting Plaintiff to discriminatory terms and conditions of employment because of her disability;

b.) refusing to accord the Plaintiff reasonable accommodation;

c.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on disability and for seeking reasonable accommodation; and

d.) terminating Plaintiff.

36. But for the Defendants' intent to discriminate against Plaintiff because of her disability, Defendants would not have subjected her to discriminatory terms and conditions of employment, retaliated against Plaintiff, refused to accommodate Plaintiff, or terminated the Plaintiff.

37. The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's disability. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**
**AMERICANS WITH DISABILITIES ACT**
**ADA-42 U.S.C. SEC. 12117**
**Discriminatory Terms and Conditions of Employments**
**Termination**
**Retaliation**
**Failure to Accommodate**

38. The allegations contained in Paragraphs 1-37 above are incorporated herein by reference in their entirety.

39. At all times material to the allegations in this Complaint, Plaintiff was a qualified individual with a disability.

40. Despite her disability or impairment, Plaintiff was able to perform the essential duties of her position, either with no need for accommodation or with reasonable accommodation, except for the period that she was out of work pursuant to approved Workers' Compensation leave.

41. The Defendants have engaged in unlawful employment practices in violation of the ADA, sec. 102(a), 102(b)(1) and 102(b)(5)(B), 42 U.S.C. sec.12112(a), 12112(b)(1) and 12112(b)(5(B), in addition to other sections.

42. But for the Defendants' intent to discriminate against the Plaintiff because of her status as a qualified person with a disability, Defendants would not have engaged in the conduct alleged in this Complaint; would not have applied discriminatory terms and

conditions of employment to the Plaintiff; retaliated against the Plaintiff; failed to provide the Plaintiff with reasonable accommodation; or terminated her.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**UNLAWFUL TERMINATION**
**Under**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L. § 28-5-1 et seq.**

43. Paragraphs 1-42 above are herein incorporated by reference in their entirety.

44. Defendants willfully engaged in a policy or practice of discriminating against employees with disabilities or who they perceived as having disabilities, including Plaintiff, and in maintaining discriminatory employment policies and practices, in violation of the RIFEPA.

45. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA, by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her disability;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputation.

46. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Plaintiff's disability. Such practices include, but are not limited to, Defendants':

a.) terminating Plaintiff because of her disability;

b.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on disability; and

c.) subjecting Plaintiff to discriminatory terms and conditions of employment based on disability; and

d.) failing to provide reasonable accommodation to the Plaintiff.

47. But for the Defendants' intent to discriminate against Plaintiff because of her disability, Defendants would not have subjected her to discriminatory terms and conditions of employment, failed to provide her with reasonable accommodation, retaliated against her, or terminated her.

48. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT IV**
**RHODE ISLAND WHISTLEBLOWER'S ACT**
**R.I.G.L. §28-50-1**

49. Paragraphs 1-48 are incorporated herein by reference in their entirety.

50. Defendants retaliated against Plaintiff, by subjecting her to discriminatory terms and conditions of employment, and by terminating her, because she sought to assert her right to file a claim for benefits under the Rhode Island Worker's Compensation law.

51. Defendants' conduct is in violation of the Rhode Island Whistleblowers Act, R.I.G.L. §28-50-1 et seq.

52. As a result of the Defendants' discriminatory and retaliatory conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries,

humiliation, harm to her career, harm to her reputation, lost wages, lost opportunities for advancement, attorney's fees, and other damages.

WHEREFORE, Plaintiff prays for the relief hereinafter set forth.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendants institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of disability;

b.) an order that the Defendants make whole the Plaintiff with appropriate promotional opportunities, lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendants make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damages done to his valuable reputation, in amounts to be determined at trial;

d.) an order the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Cindy Silva,
By Her Attorney,

Stephen Fanning

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)