**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CINDY SILVA,**

**Plaintiff,**

**v.**

**THE HOME DEPOT and HOME DEPOT U.S.A., INC.,**

**Defendants.**

**Civil Action No. 06-206 S-DNM**

**ANSWER**

Defendants The Home Depot and Home Depot U.S.A., Inc. ("Home Depot" or collectively herein as "Defendants"), by and through their attorneys, answer the allegations contained in Plaintiff's Complaint as follows:

Plaintiff's Complaint has an introductory paragraph containing a summary of the action being brought and alleged with specificity in the forthcoming paragraphs, and therefore requires neither an admission nor denial by Defendants. To the extent that such summary allegations suggest unlawful discrimination or retaliation, they are denied.

1. Paragraph 1 contains a statement of jurisdiction, not a factual averment, and therefore requires neither an admission nor denial by Defendants. To the extent that an admission or denial is required, the allegations contained therein are denied.

2. Paragraph 2 contains a statement of jurisdiction, not a factual averment, and therefore requires neither an admission nor denial by Defendants. To the extent that an admission or denial is required, the allegations contained therein are denied.

3. Paragraph 3 contains a statement of venue, not a factual averment, and therefore

requires neither an admission nor denial by Defendants. To the extent that an admission or denial is required, the allegations contained therein are denied.

4. Defendants admit that Plaintiff filed a charge alleging disability discrimination with the Rhode Island Human Rights Commission (and concurrently with the EEOC) on or about September 26, 2005, and, further answering, state that the attached document speaks for itself.

5. Defendants admit that "right to sue" letters were issued to Plaintiff and, further answering, state that the attached document speaks for itself.

**Parties**

6. Defendants admit that Plaintiff is an individual and state that they are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 6, and, accordingly, they are denied.

7. Defendants admit that Home Depot U.S.A., Inc. is a foreign corporation with the authority to conduct business in the State of Rhode Island and with a home improvement retail location in Smithfield, Rhode Island. Further answering, Defendants state that "The Home Depot" is not a separate legal entity, but rather a trade name under which Home Depot U.S.A., Inc. does business. Defendants deny the remaining allegations contained in paragraph 7.

8. Defendants admit the allegations concerning Home Depot U.S.A., Inc. and deny the remaining allegation contained in paragraph 8.

9. Defendants admit the allegations concerning Home Depot U.S.A., Inc. and deny the remaining allegation contained in paragraph 9.

10. Defendants admit that Home Depot U.S.A., Inc. is an employer pursuant to the specifically referenced statutes and deny the remaining allegation contained in paragraph 10.

11. Defendants deny the allegations contained in paragraph 11.

## Facts Common to All Counts

12. Defendants admit that Plaintiff was hired effective on or about June 22, 2005 and deny the remaining allegations contained in paragraph 12.

13. Defendants admit the allegations contained in paragraph 13.

14. Defendants admit that Plaintiff was terminated on or about September 13, 2005, and deny the remaining allegations contained in paragraph 14.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 17, and, accordingly, they are denied.

18. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 18, and, accordingly, they are denied.

19. Defendants deny the allegations contained in paragraph 19.

20. Defendants deny the allegations contained in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants admit that Plaintiff returned to work on or about September 12, 2005 with certain medical restrictions.

*[There are no paragraphs in Plaintiff's Complaint number 24 or 25]*

26. Defendants admit that Plaintiff was terminated on or about September 12, 2005, and deny the remaining allegations contained in paragraph 26.

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants deny the allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32.

**COUNT I**

33. Defendants incorporate by reference the answers to paragraphs 1 through 32 as though fully set forth herein.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants deny the allegations contained in paragraph 37.

**COUNT II**

38. Defendants incorporate by reference the answers to paragraphs 1 through 37 as though fully set forth herein.

39. Defendants deny the allegations contained in paragraph 39.

40. Defendants deny the allegations contained in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants deny the allegations contained in paragraph 42.

**COUNT III**

43. Defendants incorporate by reference the answers to paragraphs 1 through 42 as though fully set forth herein.

44. Defendants deny the allegations contained in paragraph 44.

45. Defendants deny the allegations contained in paragraph 45.

46. Defendants deny the allegations contained in paragraph 46.

47. Defendants deny the allegations contained in paragraph 47.

48. Defendants deny the allegations contained in paragraph 48.

**COUNT IV**

49. Defendants incorporate by reference the answers to paragraphs 1 through 48 as though fully set forth herein.

50. Defendants deny the allegations contained in paragraph 50.

51. Defendants deny the allegations contained in paragraph 51.

52. Defendants deny the allegations contained in paragraph 52.

WHEREFORE Defendants deny that Plaintiff is entitled to any of the relief requested against it and denies each and every allegation not heretofore specifically admitted and prays this Court to dismiss Plaintiff's Complaint and award it costs, fees and any other relief it deems just.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which any relief can be granted.

2. Plaintiff's claims are barred in whole or in part because she has failed to comply with administrative procedures that are a prerequisite to maintaining this action, including claims that are beyond the scope of her charge.

3. Plaintiff's claims are barred in whole or in part because of the applicable statute of limitations.

4. All actions regarding Plaintiff's employment were taken for legitimate, non-discriminatory business reasons.

5. Although Defendants expressly deny any liability to Plaintiff, Plaintiff has failed

to mitigate her damages, if any.

6. Complaint is barred in whole or in part because, at all relevant times, the actions of the Defendants were legal, proper, reasonable, and in conformity with all applicable Rhode Island and federal statutory, regulatory, and decisional law.

7. Plaintiffs' Complaint is barred, in whole or in part, because Plaintiff's relationship with the Defendants was terminable at-will by either party.

8. Plaintiff's claims are barred in whole or in part because Defendants exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior that may have occurred and/or because Plaintiff unreasonably failed to take advantage of the prevention and correction opportunities provided by Defendants.

9. To the extent that it is found by direct or circumstantial evidence that discriminatory intent in any way motivated the decision to terminate Plaintiff (which Defendants otherwise specifically denies herein), Defendants would have taken the same actions against Plaintiff but for such discriminatory intent or motive.

10. Plaintiff's claims are barred, in whole or in part, by the exclusivity of the Rhode Island Fair Employment Practices Act.

11. Plaintiff is not a qualified individual with a disability.

12. Defendants reasonably accommodated Plaintiff's alleged disability.

13. Plaintiff failed to seek a reasonable accommodation or to engage in the interactive process as required law.

14. Plaintiff's claims, in whole or in part, are barred by the exclusivity provision of the Worker's Compensation Act.

15. Plaintiff is not entitled to punitive damages.

16. One or more defendants are not properly named parties.

17. Defendants reserve its right to add affirmative defenses as they become known.

Respectfully submitted,

THE HOME DEPOT and
HOME DEPOT U.S.A., INC.

By Its Attorneys,

MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02109
(617) 523-6666 (telephone)
(617) 367-3125 (facsimile)
jmcconnell@morganbrown.com

__/s/ Joseph P. McConnell _____
Joseph P. McConnell (RI Bar No. 5086)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon counsel for plaintiff, Stephen T. Fanning, Esq., 305 South Main Street, Providence, RI 02903, by electronic means pursuant to Fed.R.Civ.P. 5(b)(2)(D) and Local Rule AP 10(b) this 18th day of August 2006.

__/s/ Joseph P. McConnell _____
Joseph P. McConnell